UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00176-GNS-HBB

**TONY CHRISTY, et al.**                                                                                      **PLAINTIFFS**

**VS.**

**LIBERTY MUTUAL INSURANCE COMPANY**                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendant Liberty Mutual Insurance Company to exclude Brandi Carroll and Richard Stanley as expert witnesses on behalf of Plaintiffs Tony Christy and Christy Christy (DN 39).[1] The Christys have not filed a response, and the motion is ripe for ruling. For the foregoing reasons, the motion to exclude (DN 39) is **GRANTED**.

### Background

Liberty Mutual insured the Christys' home. The Christys claim the property was damaged by weather and Liberty Mutual has failed to make payment under the contract (DN 1-1 PageID # 10-12). They also allege bad faith (*Id.* at PageID # 13). Pursuant to the scheduling order, both parties were to file their initial disclosures under Fed. R. Civ. P. 26(a)(1) by January 31, 2024 (DN 12 PageID # 100). Additionally, the Christys were to disclose their experts by May 1, 2024 (*Id.* at PageID # 104).

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Judge has referred this case to the undersigned magistrate judge for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues (DN 7). Resolution of motions to strike and exclude expert witnesses are within the ambit of Section 636(b)(1)(A). *Selby v. Kmart Corp.*, No. 1:17-CV-00042, 2017 U.S. Dist. LEXIS 203774, *8 (W.D. Ky. Dec. 12, 2017) (citing cases).

The Christys did not make a timely identification of expert witnesses. Instead, on July 9, 2024, two months after the deadline expired, the Christys filed a motion to amend the scheduling order to permit them additional time to identify experts (DN 23). The Court denied the Christys' motion because it concluded that they had failed to demonstrate good cause for amending the order and denied the motion (DN 37 PageID # 833-38).

On July 16, 2024, prior to the Court's ruling on the motion to amend the scheduling order, the Christys filed a pleading styled "Pretrial Compliance Witness and Exhibits" (DN 27). In this pleading, the Christys identified Public Insurance Adjustors Brandi Carroll and Richard Stanley as expert witnesses (*Id.* at PageID # 323-24). Liberty Mutual contends the Christys should not be permitted to utilize them as experts because their identification was not timely, and the disclosure of their anticipated testimony is deficient (DN 39 PageID # 841-47).

## Discussion

1. Failure to File a Response

As an initial point, the Court notes that the Christys have not filed a Response to Liberty Mutual's motion. Pursuant to LR 7.1(c) "[f]ailure to timely respond to a motion may be grounds for granting the motion." Nonetheless, the Court will evaluate Liberty Mutual's motion on the merits.

2. Untimely Identification of Expert Witnesses

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure directs parties to make expert witness disclosures at such time as ordered by the Court. Should a party fail to do so, Rule 37(c)(1) directs that the party shall not be permitted to use the witness to supply evidence at trial, unless the failure was substantially justified or harmless. Unless the opposing party can demonstrate that the failure to make a timely disclosure was substantially justified or harmless, the exclusion of

evidence is automatic and mandatory. *Selby v. Kmart Corp.*, No. 1:17-CV-00042, 2017 U.S. Dist. LEXIS 203774, *14 (W.D. Ky. Dec. 12, 2017). "The burden is on the potentially sanctioned party to prove harmlessness." *EQT Prod. Co. v. Vorys, Sater, Seymour & Pease, LLC*, No. 15-146-DLB-EBA, 2018 U.S. Dist. LEXIS 72687, *57 (E.D. Ky. April 27, 2018) (quoting *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F3d 262, 272 (6th Cir. 2010)).

In determining whether a discovery violation is "substantially justified" or "harmless," the Court considers five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Sylvester v. Safeco Ins. Co. of Am.*, No. 4:22-CV-00140-GNS-HBB, 2024 U.S. Dist. LEXIS 20485, at *9 (W.D. Ky. Feb. 6, 2024) (citing *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015)). In this regard, Liberty Mutual harkens back to the arguments it made in response to the Christys' motion to extend the discovery deadline (DN 24). In that pleading, Liberty Mutual asserted that it conducted two expert inspections at the Christys' home, however, neither their counsel nor an expert on their behalf attended these inspections (*Id.* at PageID # 139). A second day of inspection was required because the Christys initially refused to allow an inspection of the interior (*Id.* at PageID # 139-40). Liberty mutual has subsequently called upon its own expert to formulate opinions without the benefit of any opinion by an expert for the Christys (*Id.* at PageID # 140). Liberty Mutual contends that the disclosure at this point in the litigation is a surprise (*Id.*). This surprise cannot be easily cured, Liberty Mutual argues, because the disclosures do not adequately inform it of the nature of the expert opinions (*Id.*). Although no trial date has yet been set, Liberty Mutual asserts that the disclosure comes at the close of discovery and will delay dispositive motion

practice and trial preparation if the experts are permitted (*Id.* at 141). The Christys have not filed a Response so as to dispute any of these contentions.

As to the Christys' explanation for their failure to timely identify their experts, Liberty Mutual notes the Court has essentially already found against them on this point when ruling on their motion to amend the scheduling order (DN 39 PageID # 845-46) (citing DN 37). To be entitled to an extension of the scheduling order, the Christys were called upon to demonstrate good cause as to why they had not complied with the order's deadlines. The only justification they offered was that they had changed counsel, and new counsel required time to obtain the file from his predecessor and acquaint himself with the case. As the undersigned noted in DN 37, however, their request for additional time to identify experts was not made until almost four months after present counsel entered the case and ten weeks after the deadline expired (*Id.* at PageID # 8342). The undersigned concluded that the Christys had not demonstrated good cause to extend the disclosure deadline (*Id.* at Page 835-38). To the extent they would offer the same explanation in response to the present motion, it fares no better.

Liberty Mutual has not addressed the importance aspect of the evaluation. While the Court recognizes that expert opinions on the Christys' damage claim are important to their case, that one factor alone does not tip the balance in their favor. In sum, the Court finds no basis upon which to find the Christys' failure to timely identify their experts is substantially justified or harmless.

3. Insufficiency of the Expert Identifications

In addition to being untimely, Liberty Mutual challenges the sufficiency of the expert disclosures under Fed. R. Civ. P. 26(a)(2)(B). Rule 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence."

Rule 26(a)(2)(B) requires the disclosure of retained experts be accompanied by a written report that contains:

 (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

 (ii) the facts or data considered by the witness in forming them;

 (iii) any exhibits that will be used to summarize or support them;

 (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

 (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

 (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Here, Liberty Mutual complains that the Christys' identification of Carroll and Stanley only identifies the topics upon which they will testify, and even in that regard the topics fail to comport with the case at hand (DN 39 PageID # 843-46).  As to both witnesses, the Christys stated that they are "expected to testify regarding the loss, harm, and damage to the dwelling and contents caused by the fire, and the estimates of repair to the dwelling and contents.  The estimates of repair are attached hereto.  Also, see deposition." (DN 27 PageID # 323-24).  First, Liberty Mutual notes that this case involves weather damage, not fire (DN 39 PageID # 843).  Next, Liberty Mutual contends that the Christys' have acknowledged in answers to discovery requests that they do not assert any claims for contents damage (*Id.*).  Finally, as to "see deposition," Liberty Mutual states that no depositions have been taken (*Id.*).

In addition to the expert identification, the Christys supplied estimates that the experts prepared (*See* DN 27-3, 27-4 and 27-5).  These estimates were apparently prepared using a

computer system called "Xactimate" (*See* DN 33 PageID # 825-26). However, the estimates are simply photographs of the Christys' property and printouts of the estimated cost of repair or replacement of various building components (*See* DN 27-3, 27-4 and 27-5). The Christys supplemented their disclosure with a description of how the Xactimate program operates (*See* DN 33 PageID # 825-26). This appears to be a marketing description supplied by the software manufacturer. However, an expert's report must explain factually "why and how" the witness reached an opinion. *Burke v. U-Haul Int'l*, No. 3:03-CV-32-H, 2004 U.S. Dist. LEXIS 30732, *8-9 (W.D. Ky. Dec. 7, 2004). As the district court for the Middle District of Florida observed in a similar situation:

> The repair estimates do not mention any of Walls' observations. They also fail to explain how Walls determined the scope of work to be performed or how he used Xactimate to generate the estimate. Nor does he provide any details about the claimed inspection. In short, the repair estimates do not include all of Walls' opinions or explain how he arrived at the figures reported. Thus, the estimates do not satisfy Rule 26.

*Graves v. Great Lakes Ins. SE.*, No. 2:23-cv-373-SPC-KCD, 2024 U.S. Dist. LEXIS 114065, at *7 (M.D. Fla. June 28, 2024). "Rule 26(a)(2)(B) requires the disclosure of an expert's report and also mandates the requirements of the report. Paramount among those requirements is that the expert report contain 'a complete statement of all opinions the witness will express and the basis and reasons for them.'" *EQT Prod. Co.*, 2018 U.S. Dist. LEXIS 72687, at * 55-56 (quoting Fed. R. Civ. P. 26(a)(2)(B)(i)). Here, the bare-bones cost estimates do not satisfy the requirements for an expert report under Rule 26(a)(2)(B).[2] Exclusion of Carroll and Stanley as expert witnesses is therefore mandated by Rule 37(c)(1).

---

[2] Additionally, the Christys filed *curriculum vitae* for Carroll and Stanley at DN 27-6 and 27-7. The CVs only list their education and employment histories. They do not disclose any publications they authored, cases in which they previously offered deposition or trial testimony or their compensation, all as required by Rule 26(a)(2)(B).

**ORDER**

**WHEREFORE**, the motion of Defendant Liberty Mutual Insurance Company (DN 39), to preclude Plaintiffs' experts Carroll and Stanley from offering evidence in the case is **GRANTED**.

September 12, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:        Counsel of Record